**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| JPFL FILMS PRIVATE LTD.<br><br>Plaintiff,<br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 26-03530 |

**COMPLAINT**

1. Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiff JPFL Films Private Ltd. ("JPFL"), contests the final results of the Department of Commerce ("Commerce") in the countervailing duty ("CVD") administrative review of polyethylene terephthalate film, sheet, and strip from India for the January 1, 2023, to December 31, 2023 period of review ("POR"). The contested final determination was published in the *Federal Register* as *Polyethylene Terephthalate Film, Sheet, and Strip From India: Final Results of Countervailing Duty Administrative Review; 2023,* 91 Fed. Reg. 42,939 (Dep't Commerce July 13, 2026) ("*Final Results*").

2. In the underlying administrative proceeding, at the start of verification, JPFL offered its holding company as a minor correction to the list of affiliated companies in its Affiliated Questionnaire Response. The affiliation was already on the record in annual reports. In response to the proposed minor corrections, Commerce terminated the verification early, claiming JPFL had not previously disclosed the holding company and because JPFL had not provided a full initial questionnaire response for that holding company. In the *Final Results*, Commerce applied a total adverse facts available rate of 135.38 percent to JPFL.

3. Commerce's early termination of the verification was an abuse of discretion. JPFL disclosed the existence of the holding company early in the proceeding in its Section III questionnaire response. In addition, JPFL was not required to file a full questionnaire response for that holding company based on the reporting instructions in the questionnaire. And the inclusion of the holding company would not have affected JPFL's calculated subsidy rate.

4. Commerce's application of total adverse facts available to JPFL in the *Final Results* was unsupported by substantial evidence or in accordance with law. The law permits Commerce to use facts available when "necessary information is not available on the record" or if an interested party "withholds information," "fails to provide" requested information by the submission deadline, or "the information cannot be verified." 19 USC §1677e(a). The law permits Commerce to use total adverse facts available where none of the reported data is reliable or usable and an interested party has failed to cooperate by not acting to the best of its ability to comply with a request for information. 19 USC §1677e(b).

5. Based on Commerce's criteria regarding the filing of questionnaire responses for cross-owned companies, JPFL was not required to file a full initial questionnaire response on behalf of its holding company. Further, the holding company was disclosed by JPFL early in the proceeding in JPFL's timely filed Section III questionnaire response. And Commerce is responsible for any information that was not verified because Commerce prematurely ended verification.

6. Further, Commerce failed to conduct the proportionality analysis required by 19 U.S.C. § 1677e(d)(2), or otherwise support with substantial evidence, the 135.38 percent adverse facts available rate before assigning this rate to JPFL.

**JURISDICTION**

7. Plaintiff contests legal and factual conclusions set forth in Commerce's *Final Results* rendered in the 2023 countervailing duty administrative review of polyethylene terephthalate film, sheet, and strip from India (C-533-825). This action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I). This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c).

8. The standard of review, as provided in 19 U.S.C. §1516a(b)(1)(B), is whether the determinations, findings, or conclusions of Commerce were "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

**STANDING OF PLAINTIFF**

9. JPFL is a foreign producer and exporter of the subject merchandise, polyethylene terephthalate film, sheet, and strip from India.

10. JPFL was a party to and participated in the underlying countervailing duty administrative review now being challenged.

11. Therefore, JPFL is an "interested party" and party to the proceeding under 19 U.S.C. §§ 1677(9)(A), 1516a(a)(2)(A) and (f)(3). Plaintiff thus has standing to bring this action under 19 U.S.C. § 1516a(a)(2)(A), (d), 28 U.S.C. §2631(c), and 28 U.S.C. §1581(c).

**TIMELINESS OF THIS ACTION**

12. JPFL commenced this action by filing a Summons on August 7, 2026, within 30 days of publication of the *Final Results* in the Federal Register on July 13, 2026.

13. JPFL is filing this complaint within 30 days after the filing of the summons.

14. This action is therefore timely filed pursuant to 19 U.S.C. §1516a(a)(2)(A), 28 U.S.C. § 2636(c) and Rule 3(a)(2) of the Rules of the U.S. Court of International Trade.

**STATEMENT OF FACTS**

15. On July 1, 2024, Commerce published a notice of opportunity to request an administrative review of the countervailing duty order covering polyethylene terephthalate film, sheet, and strip from India. *See Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review and Join Annual Inquiry Service List*, 89 Fed. Reg. 54,437 (Dep't Commerce July 1, 2024). In response to Commerce's notice, JPFL requested that Commerce conduct an administrative review of JPFL. *See* Letter to Sec'y Commerce from YKG and Associates, *Polyethylene Terephthalate (PET) Film, Sheet, and Strip Exported from India: Request for Countervailing Duty Administrative Review* (July 26, 2024).

16. Commerce initiated an administrative review of JPFL and nine other companies. *See Initiation of Antidumping and Countervailing Duty Administrative Review*, 89 Fed. Reg. 66,047 (August 14, 2026).

17. On October 10, 2024, Commerce issued a respondent selection memorandum, selecting Polyplex Corporation Ltd. ("Polyplex) and SRF Limited ("SRF") as the mandatory respondents in the review.

18. On October 15, 2024, Commerce issued the Initial Questionnaire to the Government of India.

19. On November 7, 8, and 12, 2024, the requests for an administrative review for all companies other than JPFL and Cosmo First Limited ("Comso") were withdrawn.

20. On November 29, 2024, Commerce selected JPFL and Cosmo as the replacement mandatory respondents. See Memorandum to Alex Villanueva, Senior Director, Office I, from Joshua Weiner, International Trade Compliance Analyst, Office I, *2023 Countervailing Duty*

*Review of Polyethylene Terephthalate Film, Sheet, and Strip from India: Selection of Replacement Mandatory Respondent* (November 29, 2024).

21. On November 29, 2024, Commerce issued a letter to the Government of India regarding its selection of JPFL and Cosmo as additional mandatory respondents and requiring both respondents to respond to the initial CVD questionnaire, including responses to Section III "Identifying Affiliated Companies" ("Affiliation Questionnaire") and responses to Sections II and III of the CVD questionnaire.

22. Commerce's affiliation questionnaire requested complete questionnaire responses for certain "cross-owned" affiliated companies, based on certain criteria listed in the reporting instructions.

23. On December 11, 2024, JPFL entered its appearance in the administrative review.

24. On December 23, 2024, JPFL timely filed its response to the Section III Identifying Affiliated Companies questionnaire, indicating that it will include a full Section III response for the affiliated companies fitting the Department's criteria.

25. On January 27, 2025, JPFL timely filed its response to the remainder of the Section III of the CVD questionnaire.

26. On March 31, 2025, Commerce issued a Section III Supplemental Questionnaire to JPFL with regard to JPFL's January 27, 2024 Section III response.

27. On April 21, 2025, JPFL timely filed a response to Commerce's March 31, 2025 Section III Supplemental Questionnaire.

28. On July 9, 2025, Commerce issued a second supplemental questionnaire regarding JPFL's January 27, 2025, response to Section III questionnaire.

29. On July 28, 2025, JPFL timely filed a response to Commerce's July 9, 2025 Section III Second Supplemental Questionnaire.

30. On August 26, 2025, Commerce issued a third supplemental questionnaire regarding JPFL's January 27, 2025, response to the Section III questionnaire.

31. On September 8, 2025, JPFL timely filed a response to Commerce's August 26, 2025, third supplemental questionnaire.

32. On September 9, 2025, Commerce issued a fourth supplemental questionnaire regarding JPFL's January 27, 2025, response to the Section III questionnaire.

33. On September 16, 2025, JPFL timely filed a response to Commerce's September 9, 2025, fourth supplemental questionnaire.

34. On September 17, 2025, Commerce issued a fifth supplemental questionnaire regarding JPFL's January 27, 2025, response to the Section III questionnaire.

35. On September 22, 2025, JPFL timely filed a response to Commerce's fifth September 17, 2025, supplemental questionnaire.

36. On January 8, 2026, Commerce published its Preliminary Results. *Polyethylene Terephthalate Film, Sheet, and Strip From India: Preliminary Results and Recission, in Part, of Countervailing Duty Administrative Review; 2023,* 91 Fed. Reg. 672 (Dep't Commerce January 8, 2026) ("*Preliminary Results*") and accompanying *Issues and Decision Memorandum ("Prelim I&D Memo*"*).*

37. In the *Preliminary Results*, Commerce assigned JPFL a countervailing duty rate of 12.41 percent. *Id* at 673.

*38.* On June 8, 2026, Commerce started a verification of JPFL in New Delhi, India. On the first day of verification, JPFL sought to amend its list of affiliated parties as minor

corrections to its affiliation questionnaire response to include SSJ Trust, the holding company of JPFL.

*39.* Commerce subsequently terminated the verification on June 10, 2026 because it determined that JPFL had a reporting obligation regarding SSJ Trust and should have provided a full initial questionnaire response. According to Commerce, "{b}ecause no such response was provided, *i.e.*, no record was developed regarding this entity, {Commerce} was unable to properly verify the nature of this company, its relationship with JPFL, and any subsidies it may have received prior to the start of verification." Noting that any information obtained at verification regarding SSJ Trust, would be "considered untimely new factual information," Commerce informed JPFL officials that it would be "terminating verification because no record existed with respect to SSJ Trust that could be verified at this time." *Memorandum to the File From Suresh Maniam, Senior International Trade Analyst, Office I, Antidumping and Countervailing Duty Operations, re: 2023 Countervailing Duty Administrative Review of Polyethylene Terephthalate Film from India re: Verification of the Questionnaire Responses of JPFL Films Private Ltd* (June 17, 2026).

40. On June 25, 2026, JPFL filed a case brief arguing, *inter alia*, that the record demonstrated its full cooperation throughout the review, including timely questionnaire responses and affiliation information and ownership disclosures. JPFL specifically noted that the ownership structure of JPFL was fully disclosed throughout the proceeding, including an annual report submitted as Exhibit 7 of the Initial Questionnaire Response naming SSJ Trust as the ultimate holding company. JFPL argued that it fully cooperated throughout the administrative review and responded to all requests for information to the best of its ability. JFPL noted that

information regarding its history of ownership was already available on the record and that Commerce should continue to rely on the information submitted by JPFL in the *Final Results*.

41. On July 13, 2026, Commerce published in the Federal Register the Final Results. *Polyethylene Terephthalate Film, Sheet, and Strip From India: Final Results of Countervailing Duty Administrative Review; 2023,* 91 Fed. Reg. 42,939 (Dep't Commerce July 13, 2026) ("*Final Results*").and accompanying Issues and Decision Memorandum ("*Final I&D Memo*"). In the *Final Results*, Commerce applied adverse facts available to JPFL, with an AFA rate of 135.38 percent. In the *Final I&D Memo*, Commerce concluded that JPFL did not act to the best of its ability in providing a required response for its holding company and applied an adverse inference in finding that JPFL benefited from all programs under examination in the review.

**STATEMENT OF CLAIMS**

42. In the following respects, and for other reasons apparent from the administrative record of Commerce's countervailing duty administrative review, the *Final Results* are not supported by substantial evidence on the record and are otherwise not in accordance with law.

**COUNT ONE**

43. Paragraphs 1-42 are hereby incorporated by reference.

44. Commerce's early termination of the verification and refusal to verify JPFL's questionnaire responses under these factual circumstances were arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and otherwise not in accordance with law.

**COUNT TWO**

45. Paragraphs 1-44 are hereby incorporated by reference.

46. Commerce's decision in the *Final Results* to apply adverse facts available to JPFL and to impose on JPFL a final countervailing duty margin of 135.38 percent constitutes an abuse of discretion, is not supported by substantial evidence, and is not in accordance with law.

**COUNT THREE**

47. Paragraphs 1-46 are re-alleged and incorporated herein by reference.

48. Commerce's failure to conduct the proportionality analysis required by 19 U.S.C. § 1677e(d)(2) in the *Final Results* to impose on JPFL constitutes an abuse of discretion, is not supported by substantial evidence, and is not in accordance with law.

**COUNT FOUR**

49. Paragraphs 1-48 are hereby incorporated by reference.

50. Commerce made other decisions in the *Final Results* resulting in an excessively high and erroneous final countervailing duty margin for Plaintiff JPFL that is not supported by substantial evidence on the record and is otherwise not in accordance with law.

**PRAYER FOR RELIEF AND JUDGMENT**

Wherefore, and as challenged herein, Plaintiff respectfully requests that this Court:

(a) Enter judgment in favor of Plaintiff;

(b) Hold as unlawful Commerce's final countervailing duty determination that is the subject of this Complaint and sustain Counts One through Four of Plaintiff's Complaint;

(c) Remand this proceeding to Commerce with instructions to assign to Plaintiff JPFL a calculated countervailing duty margin determination in a manner consistent with law;

(d) Grant Plaintiff such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Irene H. Chen
Irene H. Chen
Jake R. Frischknecht
**VCL LAW LLP**
1945 Old Gallows Road, Suite 260
Vienna, VA 22182
Tel: (301) 760-7393
Fax: (301) 263-7700
Email: ichen@vcllegal.com
Email: jfrischknecht@vcllegal.com

Date: September 4, 2026

*Counsel to JPFL Films Private Ltd.*